CALEDONIA,
March,
1831.

STATE *vs.* PASUMPSIC TURNPIKE COMPANY.

A turnpike company are not responsible for the doings of a committee, appointed in their grant, in laying their road in a bad place, when a better place would have been more clearly within the location of the grant; unless the company or their agents used some means to induce the committee to lay the road as they did.

Such road having been accepted by the committee, appointed for that purpose by the Supreme Court, it must be presumed to have been originally made of a proper width, and according to the requisitions of the grant.

Such company's neglect to keep their road in repair, and their suffering it to be for years in a ruinous state and dangerous to travellers, is a sufficient cause for taking the forfeiture of their grant. So also is their placing their toll gate where they have no right by law to place it; and keeping it there for a considerable length of time.

This was a *scire facias*, brought for the purpose of obtaining the forfeiture of the grant to said company of their right to receive toll on their road, and brought pursuant to a resolution of the legislature at their last session. The facts charged, as a ground of forfeiture, are sufficiently noticed in the arguments of counsel, and need not be here recited.

The company demurred to the *scire facias*, and the demurrer was joined by the attorney for the people.

CALEDONIA,
*March,*
1831.

State
*vs.*
Pasumsic T. C.

*Argument in support of the demurrer.*—1. Courts will not, for slight causes, dissolve a corporation. It must be a plain and flagrant case of abuse of authority or perversion of trust. The exercise of this power is always with extreme moderation and discretion, and never unless imperious justice and sound policy require it. For it is attended with serious consequences to the rights of individuals. Its real estate all reverts to the grantors, or heirs. Its personal property all goes to the people. The debts due from, or owed to, the corporation are extinguished.—2 *Bla. Com.* 263 ; 2 *Kent's Com.* 246. The judgement is, either that the corporation be allowed its franchise, or that it be seized for the people, or that there be a fine levied.—1 *Swift,* 567 ; 2 *Bl. Com.* 263 ; *Stat.* 189, 190. The people may waive any conditions or breaches they may deem expedient.—5 *Mass.* 232.

2. In this case there has been no misuse of power, no malfeasance, misfeasance or nonfeasance. To the first cause assigned we answer, that the clause in the grant, designating that the road should be laid out near Connecticut river, is directory, not to the corporation, but to the commissioners appointed by the legislature to lay out the road. They were under oath to the faithful discharge of their duty. They derived their authority from the act, not from the corporation. To the second, it is answered, that commissioners were appointed to accept the road before the corporation could erect a gate and take toll ; and there is no allegation, that the corporation practised any fraud or circumvention, to induce them to accept the road. To the third, it may be also answered, that the remedy is by indictment and not by *scire facias.*

To the fourth we make no reply. To the fifth, sixth, seventh and eighth, there may be one answer given. The act of 1822, gives the court power to appoint commissioners to resurvey, and make alterations in the turnpike road, such as the public good may require. Whatever was done by the commissioners was done in pursuance of that act. There is no misuse of powers—malfeasance or misfeasance. Ira Goodrich and others who petitioned in 1824 ; the court who appointed the committee ; the committee who resurveyed the road, as also the town of Barnet, had legal notice of the existence of the act of 1822. They acted with a full knowledge of the broad and unlimited powers of that

CALEDONIA, statute. The corporation have not violated this act. To the
March, ninth, the act of corporation of 1805, gave full power to erect a
1831.
toll gate any where upon the road. If the town of Barnet are
State aggrieved,they have an adequate remedy at law. If the publick
*vs.*
Pasumsic T. C. are aggrieved,let them indict for obstructing the highway, or for a
nuisance.—2 *Johns.* 190–1 ; 9 *Dane,* 570, *sec.* 28.

*Argument for the people.*—This is a writ of *scire facias vs.* the
turnpike company,brought in obedience to a resolution of the general
assembly of last session, directing proceedings to ascertain wheth-
er said corporation had not forfeited its chartered privileges, &c.
The mode of proceeding in such cases is indicated by the statute
in relation to forfeitures of grants and charters, *(R. L.* 189,*)*
and is equivalent to informations in nature of *quo warranto* in Eng-
land, Massachusetts and New York.

*Scire facias* is however in some cases in England the proper
process to repeal grants, &c. by the crown against corporations.
See *Lilly's Entr.* 411 ; 2 *Saund.* 72, 9 ; 4 *Bac. Abr.* 416.

As to *quo warranto* informations, in what cases they lie, and
what causes work a forfeiture, see 6 *Dane, C.* 186,*a* 12 to 16,inclu-
sive ; 4 *Cowen's R.* 100, to 123, *in notes*; 9 *Dane,* 569–70.

In general, whenever any corporation omits to perform the du-
ties required of it, or abuses the authority given, to the injury of
an individual, and more especially to the public injury, they for-
feit their grant.—1 *Bl. Com.* 485 ; 3 *do.* 263–4; 6 *Dane,* 560.

In the present case, several causes of forfeiture are set forth in
the writ, the truth of which is admitted by demurrer.

1. That the road was not, in the first place, located as near
Connecticut river as might have been done, and as required by
their charter. Altho' the laying out, &c.,was done by a commit-
tee named in the act of incorporation, yet in law, it is to be deem-
ed the act of the corporation. They apply for the charter ; call
out the committee ; and every thing, that is, done, is upon their
motion. On the same principle in England, grants of the crown
are frequently vacated on the ground,that the same rights had been
previously granted, or that grantee made false suggestions, &c.
*Bacon, ut supra.*

2. That the road was not made as wide as required by char-
ter, viz. 18 feet, and that it was never thoroughly and faithfully
made, and has at all times been suffered to remain in a bad state
of repair, &c. This is an omission, from the consequences of
which the corporation do not pretend to withdraw themselves.

Although indictable for not keeping the road in repair, still this remedy is inadequate, and, besides, inapplicable to the first part of the objection.

CALEDONIA, *March,* 1831.

State *vs.* Pasumsic T. C.

3. Not keeping up a toll board, with rates of toll written thereon, &c. This is positively enjoined by the act, and is necessary to apprize the traveller that toll is demandable of him, and the amount of it.

4. Not paying expenses of getting out a committee from Supreme Court to make a new location.

5. Laying out their new road on a public road laid out through Ryegate and Barnet by a committee of the Supreme Court, which road was made at the expense of said towns.

6. Removing the gate on to a free road, and taking toll thereon, &c. Authorities cited : 2 *Mass. R.* 143, *Blue Hill T. Co.* vs. *Stetson ;* 5 *Mass. R.* 423 ; *do.* 230 ; 9 *Dane, ut supra ;* 3 *Mass. R.* 285 ; 9 *Mass. R.* 531, *Com.* vs. *Smith* ; 10 *do.* 290, *Com.* vs. *Fowler.*

HUTCHINSON, C. J., after stating the case, pronounced the opinion of the Court.—The facts alleged in this writ of *sicre facias* do not show the corporation responsible for the original laying out their road. The grant is for a turnpike road from Wells river, in Newbury, to a Mr. Twaddle's in Barnet, as near Connecticut river as might be convenient. And it is averred that it might have been conveniently laid and made on the flat country, close by the river ; yet it was laid and made back from the river, over high mountains, &c. But the same grant directed who should lay out the road, and placed it out of the control of the corporation. Now, to charge this wrong and deviation from the grant upon the corporation, there must have been some further allegation of some act of the corporation, or of their agents, inducing the committee thus to deviate from the grant. Nothing of that kind is alleged, and probably no facts would warrant the allegation. Just so of the allegation that the road was not wrought eighteen feet wide, as required by the statute granting the right to the defendants. This was a matter to be determined on the acceptance of the road. There might be substance in this allegation, if the acceptance of the road were the act of the corporation, or, were it under their control : but, by the statute, the road was to be accepted by the Supreme Court, or by a committee by said Court appointed. Over this board the corporation had no control ; and it cannot be presumed, at this late day, that they accepted the road unless it was

CALEDONIA,
March,
1831.

State
vs.
Pasumsic T. C.

wrought as the law required.    Moreover, its width now is no sure index of its width when first completed.    The ground may have worn away upon one side, and fallen into the road upon the other ; or the ditches may have been gradually filled with dirt ;  or laborers may have followed a very common, but very  improper, mode of repairs, to plow new ditches within the old ones ; thus rendering the road narrower by pretence of repair.    In some or all of these ways, it may have become impossible now to determine the  original width of the road.    Yet the present width of the road may be important, upon the point of its being and remaining out of repair ;  for it cannot be  said to be  in repair,  unless it retains the width required by law at first.    The meaning of repair is, to re-instate what is gone by use and decay.    This applies, as well to width for teams to pass each other, as to  elevations to keep the same teams from the mire.

The duty of the company  to keep constantly up a sign  board in view of the traveller, and exhibiting the rates of toll  each travel-ler is liable to pay, is a very important duty.    Without it,  the tra-veller can  have no means of knowing when, and how much, he is imposed upon.    This duty is fully described  in the writ ;  but the breach of it is insufficiently assigned.    The assignment is,  that the company have not  *constantly* kept up  such a  sign  board ; without averring when, or how long, the same was  down.    This averment might be  true, if the  board was unexpectedly blown down for an hour.    There must have been some culpable neglect to keep up this board, and this should  be specially averred in the writ.

Thus far  the causes of complaint  are not supported.    But we discover no defect in  the allegations with  regard to  the want of repairs.    The allegations are,  "that the corporation has,  at all times, suffered said road to be out of  repair, dilapidated, and ru-inous ;  so as to be dangerous and  inconvenient  to travel  upon." In this the public have a great and important interest.    The trav-eller, who pays toll at a turnpike gate, is entitled to a road in good repair upon  which to  travel ;  and the right of  receiving  toll of travellers is in consideration of the company's furnishing a road to be travelled upon.    A neglect in this particular, for any consider-able  period, is a good and sufficient cause of  taking the  forfeit-ure.

The power and propriety of decreeing a  forfeiture are not af-fected by the right the public have to indict the company, or call out the turnpike inspectors.    The process of indictment is to pun-

ish for a temporary neglect, too trivial, perhaps, to occasion a forfeiture of the grant, or render it prudent to resort to so harsh a proceedure.   The calling out the turnpike inspectors, is a remedy merely to prevent the company from receiving toll, while they neglect to repair their road so that the traveller can afford to pay toll for the privilege of travelling upon it.   Neither one, nor both of these furnish any adequate remedy for the public.— Indeed, their being resorted to at all, furnishes some evidence against the corporation, that they are not entirely performing the conditions of their grant.

CALEDONIA, *March,* 1831.

State *vs.* Pasumsic T. C.

Another ground of forfeiture is urged, the placing their toll gate on a road made by the inhabitants, where the company had no right to place it.   Upon this point, the writ sets forth the laying of a public road by a committee appointed by this Court on the petition of Ira Goodrich and others, and the establishing the same by this court.   That said road was laid between said turnpike road and Connecticut river.   And that the same was partly made, and that by the inhabitants of the several towns through which it passes.   Also, that a committee was afterwards appointed by this Court, on the petition of the majority of the members of said corporation, and under a statute of 1822; which committee laid a road for said turnpike company, with little variations, the whole length on said road, laid out by said committee, first appointed by this Court, as before mentioned.   That said committee, last appointed by this Court, made their report and lodged the same with the clerk of this Court; but, that said corporation have never paid the damages assessed to individuals, nor paid for making said road, yet have placed their gate on the same road, and are demanding and receiving toll at the same.   This seems to involve the question, whether the last survey becomes a turnpike road before the report is accepted by this Court; for it is agreed that there is no acceptance.   The docket minutes show, that the committee made their report of a survey; and nothing more is entered upon the docket.   It is stated, that there was some litigation upon the subject last term, but it is clear no act of the Court then gave any validity to the report.   I well recollect, that when the last committee were appointed, so great, and so reasonable opposition was made, and such was its effect on the Court, that my vote was necessary to produce the decision; and I should have been opposed to the appointment, had I not considered, that this Court would have a controling power over the report, when it should come in.   And for that purpose we were cautious that the order to the committee

CALEDONIA,
March,
1831.

State
vs.
Pasumsic T. C.

should especially direct them to make report to this Court at the then next term. I then thought, and still think, the act of 1822 does not give force to the doings of the committee, till sanctioned by this Court. It differs altogether from the statute under which we acted at Burlington in appointing a committee to alter the turnpike road in Bolton. The views entertained by the Court at the time we appointed the committee whose doings we now consider, and which induced said appointment, were, that the corporation had a grant, and had been at great expense in making a road, which was rendered useless to them and the public by the bad lay of the road. That it was right the company should still have the benefit of their grant, if they would, at their own expense, put the road in the proper place. We were led to think it very probable, that the former committee, who laid the road near the river, had laid it judiciously. Now, if the new committee laid it in the same place, this Court would refuse to accept their report and establish the road by them laid, until the corporation should refund to the several towns the monies expended by them, which would now operate for the benefit of the corporation. We supposed this so well understood, at the time of appointment of the last committee, that we had no idea that the new committee would be called to act, unless the company intended thus to compromise with the towns upon the above principle. This is what still ought to be done; and, without it, we do not seem disposed to sanction the erecting the gate upon the road not made by the turnpike company.

The defendants urge the hard consequences of dissolving the corporation, with regard to their loss of property, their inability to collect their debts, &c. As far as these consequences ought to bear upon the case, they will be considered in the exercise of the equity powers given by the statute, after the facts are established which show a forfeiture.

For the reasons thus given the demurrer is overruled, and the allegations in the writ of *scire facias* are sufficient.

Before entering the said judgement, the defendants moved for leave to withdraw their demurrer, which was granted. Defendants to plead anew by July 1. Afterwards, upon the showing by affidavits, newly filed, the Court were induced to appoint a committee to appraise certain damages to Barnet, and report the state of the road at next term.

*Fletcher & J. Mattocks*, for defendants.
*Davis & Prentiss*, for the people.